UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-81127-MIDDLEBROOKS/WHITE
CASE NO.: 08-CR-80004/MIDDLEBROOKS

SAUL ACUNA-ACOSTA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [DE 10]

THIS CAUSE comes before this Court on Petitioner, Saul Acuna-Acosta's Petition to Vacate and Set Aside Conviction and Sentence Pursuant to 28 U.S.C. §2255 [DE 1] (the "Petition"), filed on August 3, 2009, the Supplement Memorandum [DE 2], filed the same day, and the Magistrate Judge's Report and Recommendation [DE 10] (the "Report"), entered on December 7, 2009. As of the date of this Order, no objections have been filed to the Report by any party. I have reviewed the record and am advised in the premises.

Petitioner seeks to attack his conviction and sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 500 grams or more of cocaine, entered on a guilty plea. Petitioner raises the claim that he was denied effective assistance of counsel on direct appeal, where his lawyer caused the appeal to be dismissed for want of prosecution after failing to timely file the initial brief on appeal. The case was dismissed by the Eleventh Circuit on July 2, 2009. The Eleventh Circuit reinstated the appeal on January 14, 2009, however, when time expired and no initial brief was filed by Petitioner's counsel, the Eleventh Circuit dismissed it again for lack

1

of prosecution. After this instant petition was filed, appellate counsel, by agreement with the government, filed a notice in this proceeding, indicating that simultaneous with the filing of the notice, she was submitting to the appellate court a motion to have the movant's appeal reinstated [DE 6]. The Magistrate noted, however, that as of the filing of the Report, "review of the appellate court's on-line docket reveals that movant's appellate counsel has failed to file any pleadings with the appellate court seeking reinstatement of the movant's appeal." [DE 10 at 3].

The Report concluded that Petitioner's counsel failed to perfect the appeal after being instructed to prosecute the appeal. The Report found that the Petitioner "had requested a direct appeal, but that counsel was deficient for failing to prosecute the appeal as directed." [DE 10 at 5]. The Magistrate recommended that the motion to vacate be granted, the same sentence reimposed, and that the movant be permitted to file a direct appeal, and dictated by the procedure set forth in *United States v. Phillips*, 225 F.3d 1198, 1200-01 (11th Cir. 2000). The Magistrate also recommends that new appellate counsel be assigned to represent the movant on direct appeal.

In the instant action, Petitioner also filed a motion for summary judgment, which the Magistrate construed as a motion seeking a ruling by this Court. As Petitioner's §2255 will be granted, Petitioner's motion for summary judgment is moot.

Accordingly, for the reasons set forth in the Report and an independent *de novo* review, it is hereby

**ORDERED AND ADJUDGED:**

(1) that Magistrate Judge White's Report [DE 12] is **RATIFIED, ADOPTED and APPROVED** in its entirety. Petitioner's Motion to Vacate Sentence and Conviction Pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART.**

2

(2) The Petitioner is permitted to file a direct appeal, as dictated by the procedure set forth in *United States v. Phillips*, 225 F.3d 1198, 1200-01 (11th Cir. 2000);

(3) The Court shall appoint counsel for the purpose of pursuing a direct appeal;

(4) Petitioner's Motion for Summary Judgment [DE 9] is **DENIED AS MOOT**.

The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 11th day of January, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Judge White

Saul Acuna-Acosta, *pro se*
Reg. No. 61590-198
F.C.I. - Miami
P.O. Box 779800
Miami, FL 33177

Counsel of Record