UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80004-CR-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAUL ACUNA-ACOSTA,

    Defendant.

_____/

FILED by ___ D.C.

JAN 25 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

This cause is before the Court on An Order of Reference entered by the District Court January 12, 2010 (DE 601). Said Order directs the undersigned to conduct a hearing to determine if the Defendant is indigent for purposes of re-sentencing and appeal. Said Order further directs the undersigned to make several specific findings regarding the defendant's representation by Ms. Maria Elena Perez, Esq. A hearing was held January 21, 2010.

By way of summary, the Defendant entered a plea of guilty to a violation of Title 21 U.S.C. Section 846 on April 21, 2008 (DE 339). Thereafter, Ms. Perez filed a Notice of Appeal to the Eleventh Circuit but failed to perfect that appeal. As a result, the appeal was twice dismissed by the Eleventh Circuit. The last dismissal was on July 2, 2009. Thereafter, Defendant filed a Petition pursuant to 28 U.S.C. Section 2255 under case number 09-81127 Cv Middlebrooks alleging ineffective assistance of counsel. That Petition was granted January 11, 2010 by the District Judge. This proceeding

follows.

## Findings of Fact and Conclusions of Law

## Indigency of The Defendant

Pursuant to 28 U.S.C. Section 636 an inquiry of the Defendant was conducted to determine whether or not he is indigent for purposes of re-sentencing and appeal. The Defendant testified that he was born February 16, 1966 in Mexico and that his true name is Samuel Medina Flores. He admitted that he lied as to his true name in prior proceedings in this court but gave no satisfactory explanation other than to say he "had changed his name, whatever." He testified that he has no assets whatsoever anywhere in the world now or at the time of his arrest in January, 2008. The Defendant related that he last worked some two years ago as a roofer. The Government advised that it had no reason to believe the Defendant has assets with which to retain counsel. The Government further advised that in the PSI the Defendant stated that he worked a few days at a time as a roofer and that he earned his money from drug sales.

An initial hearing was conducted on January 17, 2008 following the Defendant's arrest. As a result of the testimony before the Magistrate Judge, the Defendant was provided with CJA counsel, Arthur Wallace, Esq[1]. Thereafter, the Defendant was led by other inmates to believe that retained counsel was necessarily of higher quality and it was suggested that he should hire Ms. Maria Elena Perez. The Defendant testified that he contacted Ms. Perez and ultimately decided to retain her. According to the Defendant, his common law wife and other family members agreed to pay Ms. Perez. According to the uncontradicted evidence, the fee was paid entirely by the Defendant's

---

[1] Private counsel was appointed due to a conflict with the Federal Public Defender (See DE 16, 23, and 43).

common law wife and other family members. This is corroborated by the testimony of Ms. Perez that she received seven checks from the Defendant's common law wife over a thirteen month period.

The Defendant lacks credibility for the reason that he has previously made false statements to the court. Nonetheless, it is the finding of this court that the totality of the evidence before the court supports the conclusion that at the present time the Defendant is indigent. Accordingly, the court appoints Richard Rosenbaum, Esq. to represent the Defendant for purposes of re-sentencing and appeal if appropriate.

### Fee Paid to Perez and Amount Allocated to the Appeal

Ms. Perez testified that she "filed a Notice of Appearance on February 26, 2008." In fact, the record reveals that she filed a Motion to Substitute Attorney on February 21, 2008 (DE 138). That motion was granted February 26, 2008 (DE 198).

The Defendant testified that all monies paid to Ms. Perez were paid by his common law wife who resides in Oregon. He further testified that the fee arrangement was $11,000 for the trial work and $6,000 for the appeal. His testimony is contradicted by that of attorney Perez. Ms. Perez testified that the Defendant initially maintained his absolute innocence and wanted a trial. Since the case was in a posture likely to go to trial, her fee was $25,000. Had the early indications been that the case was going to resolve by guilty plea the fee would have been $10,000.

As the case progressed, discovery was provided and updated. (See DE 70, 263, 337, 355, 457, 504, 510). The Government provided search warrant evidence as well as evidence obtained through wiretaps. In the process, the Government discovered that the Defendant was using a false name. At some point prior to trial, the Defendant

began an effort to provide assistance to the Government. Numerous debriefings were held and the Government concluded that the Defendant was not providing full and complete information.

Both Perez and the Defendant agree that as the case progressed, the decision was made to enter a plea of guilty. Accordingly, the Defendant entered into a plea agreement on April 21, 2008 (DE 348). Thereafter, sentencing was delayed six months until October 7, 2008 (DE 515). According to the parties, there was on-going dialogue as to the drug amount, role enhancement, and acceptance of responsibility. The result was that a sentencing agreement was entered into between the parties on October 7, 2008 (DE 517). That agreement established a cocaine quantity of at least 15 kilograms but less than 50 kilograms and included an appeal waiver. The Defendant was sentenced to 151 months imprisonment followed by 8 years supervised release (DE 515, 516). Ms. Perez testified that she continued to urge the Defendant to cooperate as a means of reducing his sentence but that he feared for the safety of family members in Mexico and declined to do so.

According to the testimony of the Defendant, after the district judge advised him regarding his right to appeal, he decided to appeal and so directed Ms. Perez. He testified that Ms. Perez was paid $11,000 for the assistance in the trial court and $6,000 for the appeal. According to the testimony of Ms. Perez, she was to be paid $25,000 for her efforts at the trial level and an additional amount for the appeal. In fact Ms. Perez was paid a total of $17,000 in installments as follows:

        Feb 2, 2008 $5,000

        Feb 29, 2008 $1,000

    July 7, 2008 $2,000

    October 1, 2008 $3,000

    October 20, 2008 $2,000

    November 10, 2008 $2,000

    March 28, 2009 $2,000

Thus, she was paid $17,000 for proceedings in the trial court and was owed a balance of $8,000 when she filed the requested Notice of Appeal. Because there was a balance owed for the trial work and no money had been paid for the appeal, Ms. Perez elected not to pay the filing fee in the Eleventh Circuit. This resulted in the first dismissal of the appeal on December 9, 2008.[2]

  The Court finds the testimony of Ms. Perez credible as to the terms of the fee arrangement. The Defendant has not been truthful in court proceedings as to his identity and was less than truthful in his debriefings with the government. Moreover, the payments were made by the common law wife not the Defendant, with $11,000 paid before entry of a plea of guilty. It is credible that an attorney quotes a fee based upon her assessment as to whether a case will go to trial or result in a plea. The Court is aware that a fee for handling a plea is frequently set in the $10,000 range and up by local criminal attorneys, consistent with Ms. Perez' testimony. Thus, the Court finds that at the time Ms. Perez set the fee, all indications were that the Defendant insisted that he was innocent and desired to go to trial.

  Ms. Perez described conversations she had with the Defendant's common law wife and feeling sorry for her. Ms. Perez explained that the wife had continued to make

---

[2]On December 19, 2008, Ms. Perez filed a Motion to Reinstate Appeal. That Motion was granted January 14, 2009 by the Eleventh Circuit.

installment payments and that she believed the wife would continue to do so in the future. Based upon these assurance by the common law wife, Ms. Perez filed a timely Notice of Appeal on October 15, 2008 (DE 519). In sum, the Court finds that none of the $17,000 fee actually paid was allocated for the appeal.

### The Failure of Ms. Perez to Perfect the Appeal

Based upon those assurances, Ms. Perez filed the timely Notice of Appeal but failed to file the required filing and docketing fees. A dismissal notice with 14 days to correct was issued by the appellate court on November 24, 2008[3]. The appeal was initially dismissed on December 9, 2008 for failing to pay the filing and docketing fee.

With the payment of the filing fee and appropriate motion filed by Ms. Perez, the appeal was reinstated on January 14, 2009. A briefing schedule issued on March 6, 2009 requiring the filing of the appellate brief on April 13, 2009. Ms. Perez testified that she spoke with the Defendant about the appeal and had begun doing the research. She testified that "on April 10, 2009 I filed a Motion to Extend the Deadline in the Eleventh Circuit." (DE 605 and Ex. 2). Ms. Perez further testified the she sent that motion by Fed Ex. No such Motion was docketed in the Eleventh Circuit but Ms. Perez produced a file stamped copy in this proceeding reflecting that a Petitioner Saul Acuna-Acosta Motion Requesting Leave To Continue The Filing Deadline For The Initial Brief was stamped received in the Eleventh Circuit on April 14, 2009, the day after the brief was due. The Court inquired of Ms. Perez if she had a Fed Ex receipt or how she accounted for the fact that her motion was not received in the Eleventh Circuit until April 14. She had no answer other than to say that she could not account for it.

---

[3] See http://pacer.ca11.uscourts.gov/

Ms. Perez testified that on April 15 or 16, 2009 she received a notice from the Eleventh Circuit that the appeal had been dismissed. The docket sheet for the Eleventh Circuit reveals that on April 15, 2009, a dismissal notice issued with 14 days to correct default. Ms. Perez testified that she spoke to Ms. Wiegmann, a clerk at the Eleventh Circuit, and was told that the request for extension should have been filed seven days before the April 13 brief deadline and "it's short," apparently referring to the late filed motion.

In the face of the April 15 dismissal notice, Ms. Perez calculated the limits of the fourteen days and determined that the brief must be filed on or before April 29, 2009. Ms. Perez testified that on April 28, 2009 she mailed by regular mail the hard copy brief to the Eleventh Circuit (Ex. 3). She explained that the postage was coming out of her pocket so she did not use Fed Ex to send the brief. She explained that she had still not received the balance due on her trial fee as agreed upon by the Defendant and his common law wife nor any of the appeal fee. The docket sheet for the Eleventh Circuit does not reflect docketing of the hard copy brief. Rather, on May 12, 2009, the Eleventh Circuit issued a brief deficiency letter to Ms. Perez explaining that her brief was deficient for failing to have a summary of argument and amended certificate of service showing service on appellant. That deficiency notice also stated, "**Brief was received out of time. A motion to file out of time is required**" (Ex. 4). On the same day, the Eleventh Circuit issued a dismissal notice with 14 days to correct default. That letter also advised counsel that she needed to file the record excerpts...**together with a motion to file the record excerpts out of time** (Ex. 4 and 5).

According to Ms. Perez, she spoke to Ms. Wiegmann who advised that she had

found the record excerpts and that Perez should send the summary of argument and not the whole brief again, along with the amended certificate of service. The Court inquired if counsel had a copy of that transmission cover letter and Ms. Perez could not produce one. Rather, she testified that she may have sent the summary of argument and amended certificate of service without a cover letter.

The Court noted that the Eleventh Circuit docket sheet revealed that on May 27, 2009, an ebrief was filed and inquired of Ms. Perez why she did that. She replied that she did not know but someone must have instructed her to upload it.

On June 15, 2009, the Eleventh Circuit sent Ms. Perez a letter stating, **You have previously been notified to provide the Court with a motion to file your brief out of time. A motion to file out of time must be received ten days from the date of this letter or this appeal will be dismissed**" (Ex.6). Ms. Perez testified that upon receipt of that letter she was confused because none of the earlier May 2009 communications suggested that the appellate court was viewing the hard copy brief as out of time. In response, Ms. Perez called Ms. Wiegmann and advised that her hard copy brief had been postmarked before the April 29, 2009 deadline. Wiegmann advised that she would check her records but that Ms. Perez should file a Motion To File Brief Out of time. According to Ms. Perez, when she didn't hear back from this phone call she assumed everything was alright. The record is clear, and this Court finds, that Ms. Perez failed to file the Motion to File Record Excerpts or Brief Out of Time as directed on multiple occasions.

On July 2, 2009, the appeal was once again dismissed for want of prosecution because appellant failed to file brief within the time fixed by the rules (DE 579). On

July 25, 2009, a pro se Petition pursuant to 28 U.S.C. Section 2255 was filed, raising one claim of ineffective assistance of counsel. On August 12, 2009, the Government sent an email to Ms. Perez. That email states they are again requesting her to file an affidavit as to the claims of ineffective assistance and specifically to address why she had not filed a motion to file the brief out of time. Approximately two hours later, Ms. Perez responded to that emial stating that she had been out of town and had experienced some issues with her rental property but that she "will give you an affidavit[4]." She further represented that she was "contacting the Eleventh Circuit because a motion requesting leave to file brief out of time was in fact filed." She further stated that she "never received notice that it was dismissed." According to AUSA Zloch he was monitoring the docket sheet and when it was apparent that the matter remained unresolved, he sent another emial to Ms. Perez on August 25, 2009 again asking if she was going to file a motion for leave to fie appellate brief out of time and again asking for an affidavit addressing the ineffective assistance claims (DE 7, 09cv-81127 Middlebrooks).

Finally, over a month later, on September 29, 2009, Ms. Perez filed a Notice of Filing Motion To Re-Instate Direct Appeal and Motion Requesting Leave To File Direct Appeal Out Of Time in the district court. (DE 6, 09Cv 81127 Middlebrooks). Incredibly, in that pleading Ms. Perez represented that the "latter motions have been forwarded to the Eleventh Circuit, thereby rendering the Section 2255...moot." Ms. Perez further represents that said "motions were previously lodged at the District Court level, rather than with the Eleventh Circuit ...(and) has re-sent said motions to the Eleventh Circuit."

---

[4]No such affidavit is filed of record.

The Court finds that Ms. Perez failed to file any motion to file the record excerpts out of time as directed by the appellate court; that she failed to file any motion to file brief out of time as directed by the appellate court; and that she failed to lodge such motions with the district court as alleged in her pleading in the Section 2255 proceeding.

Next, the Court considers the claim by Ms. Perez to AUSA Zloch in her August 12, 2009 emial that she never got a copy of the notice of dismissal from the Eleventh Circuit. In the proceeding before the undersigned, Ms. Perez testified that she never received the notice of dismissal. In that regard, the docket sheet from the Eleventh Circuit reflects that on July 2, 2009 a letter enclosing same was sent to Ms. Perez . The docket sheet in the criminal case reflects that on July 7, 2009 she was sent a copy of the Order of dismissal by electronic means (DE 579). The address for the electronic transmission was mari2much@aol.com. , the same email address that she was using in the August 2009 communications with AUSA Zloch. The undersigned queried her as to this testimony and she maintained that she did not receive either notice regarding the dismissal. The Court finds this testimony not credible. It is statistically improbable that two methods of communication, mail and electronic means, both failed as to the same document. Rather, during this time period, Ms. Perez was in the midst of moving her office and entering the last stages of her first pregnancy. It is likely that she simply failed to pay sufficient attention to her practice. More troubling, however, is her filing in the civil case the ill-thought-out and false representations contained in her Notice of Filing Motion to Re-Instate Direct Appeal and Motion Requesting Leave To File Direct Appeal Out of time (DE 6 , 09CV 81127 Middlebrooks). It is clear that simply careful inquiry into the matter would have precluded her from making such assertion in a

pleading. Lastly, as an appellate attorney she surely must know that the district court has no authority to grant the requested relief. That is, it is the Eleventh Circuit that must grant the request to file brief out of time. Her own prior attempt to obtain an extension of the time to file the initial brief from the Circuit Court (DE 2) evinces such knowledge on her part. This Court has no choice but to conclude that Ms. Perez's statements as to why she did not perfect the appeal were made with wanton and reckless disregard for the truth.

**Legal Analysis**

Various rules regulating conduct of members of the Florida Bar require standards of conduct and professionalism. For example, Rule 4-1.1, Rules Regulating The Florida Bar, requires that "'A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Rule 4-1.3 requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." In the instant matter, Ms. Perez has fallen below those and other relevant standards.

A court may award sanctions under its inherent power. This power is derived from the court's need "to manage [its} own affairs so as to achieve an orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). A court may impose attorney fees and costs against the client or the attorney, or both, when either has acted in bad faith, vexatiously, wantonly or for oppressive reason. The key is a finding of bad faith. Byrne v. Nezhat, M.D. 261 F. 3d 1073, 1106 (11th Cir. 1075). In the instant case, the court finds that Ms. Perez acted in bad faith as a matter of law and fact. In imposing a sanction, the court must be comply with the mandates of

due process, both in determining that the requisites of bad faith exists and in assessing fees or other sanctions. Id.

Accordingly, it is the **RECOMMENDATION** of the undersigned that after further hearing the District Court impose sanctions as it deems appropriate.

The parties and Ms. Maria Elena Perez, Esq. have fourteen (14) days from the date of this Report and Recommendation in which to serve and file written objections to it, if any, with the Honorable Donald M. Middlebrooks, United States District Judge. Failure to file objections shall bar the parties from attacking on appeal the factual findings contained herein. Resolution Trust Corp. V. Hallmark Builders, 996 F. 2d 1144, 1149 (11th Cir. 1993); LoConte v.Duggar, 847 F.2d 745, 749 (11th Cir. 1988).

**DONE AND ORDERED** In Chambers at West pal Beach, Florida, this 25th day of January, 2010.

*Linnea Johnson*
_____
LINNEA JOHNSON
UNITED STATE MAGISTRATE JUDGE

Hon. Donald M. Middlebrooks

AUSA William Zloch

Maria Elena Perez, Esq.