UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CR-80004-MIDDLEBROOKS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| SAUL ACUNA-ACOSTA, | ) |
| Defendant. | ) |
| _____/ | |

# OBJECTIONS TO THE MAGISTRATE'S JANUARY 25, 2010 REPORT AND RECOMMENDATION

The undersigned counsel files the instant Objections to the Magistrate's January 25th, 2010, Report and Recommendation, and in support thereof proffer the following facts and exhibits:

## I. PROCEDURAL POSTURE AND OBJECTIONS:

### a. *Preface*

Ms. Pérez would preface the instant objections by formally apologizing to this Honorable Court and Assistant United States Attorney William Zloch for any and all inconvenience occasioned by the dismissal of the Defendant's direct appeal in this matter. Ms. Pérez would likewise assure both this Honorable Court and Mr. Zloch that Ms. Pérez would never intentionally, recklessly or otherwise make a misrepresentation of fact or evidence to this Honorable Court or Mr. Zloch. Ms. Pérez has a great deal of respect for

- 2 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

both this Honorable Court[1] and Mr. Zloch, the latter who Ms. Pérez reveres as a friend, and not just a passing prosecutor with whom Ms. Pérez has worked. In fact, long after the conclusion of Mr. Acuna-Acosta's case Ms. Pérez was happy to learn from fellow prosecutor Nancy Vorpe Quinlan that Mr. Zloch had actually spoken very highly about Ms. Pérez and his experience with same. Ms. Pérez would like for Mr. Zloch to continue to think highly of her, and Ms. Pérez would therefore like to take this opportunity to assure Mr. Zloch that she would never do anything to betray his trust.

Ms. Pérez values the aforementioned experiences with both this Honorable Court and Mr. Zloch and Ms. Pérez would not intentionally or otherwise jeopardize the trust that is fundamental to the success of the working relationship that has been established between this Honorable Court, Mr. Zloch, and Ms. Pérez.

---

[1] Although this Honorable Court may not recall, the undersigned counsel has never forgotten the first time the undersigned counsel came before this Honorable Court seven (7) years ago while litigating on behalf of a criminal defendant in a trafficking case, in the matter of <u>United States of America v. Silvio Rincon</u>, Case No. 03-CR-20454. This Honorable Court's findings and rulings at Mr. Rincon's sentencing and which granted the undersigned's objection to the application of the leader/organizer enhancement made an indelible impression on the undersigned counsel, as the undersigned counsel had close to no experience in Federal litigation and the experience the undersigned counsel did have in the realm of arguing against sentencing enhancements and the application thereof had not yielded any success. Hence for the first time in the undersigned counsel's experience as a federal defense attorney this Honorable Court made the undersigned counsel feel as though the undersigned actually "knew what she was doing" when this Honorable Court ruled in favor of the undersigned counsel's client–Mr. Rincon. In fact, thereafter the undersigned frequently referred back to this Honorable Court's rulings in Mr. Rincon's case as an example of a factual circumstance where the District Court should not apply U.S.S.G. Section 3B1.1.

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 2 -

- 3 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA

  *b.*  ***Facts and Objections***

  On October 15th, 2008, Ms. Pérez timely filed a Notice of Appeal on behalf of Mr. ACUNA-ACOSTA, the latter who, against the advice of counsel, instructed Ms. Pérez to file a Notice of Appeal.  A motion to reinstate the direct appeal was subsequently **filed and docketed** on December 19th, 2008, when the appeal was dismissed due to the failure of Mr. ACUNA-ACOSTA to pay the appeal filing fee.  **(See Exhibit "2").**   Thereafter, on January 14th, 2009, the Eleventh Circuit Court of Appeals granted the motion to reinstate lodged by Ms. Pérez. **(See Exhibit "2").**

  On April 10th, 2009, Ms. Pérez filed a Motion Requesting Leave to Continue the Filing Deadline of the Initial Brief[2]. **(See Exhibit "1").**   The latter motion was Ms. Pérez' first request for a continuance of the filing deadline of the initial brief.  More importantly, as indicated by Ms. Pérez during the course of the January 21st, 2010, hearing before the Magistrate, the latter motion to continue the filing deadline of the initial brief was sent to the Eleventh Circuit Court of Appeals via Federal Express so that said motion would arrive before the deadline for filing the initial brief had expired[3].

---

  [2]Pursuant to FRAP 31-2 (e), a request for an extension of time to file the initial brief and/or record excerpts must be received before the deadline has passed.  Moreover, in order to confirm the undersigned counsel's understanding of FRAP Rule 31-2(e), the undersigned counsel contacted the Eleventh Circuit Court of Appeals on January 26th, 2010, at which time the undersigned counsel was advised by Eleventh Circuit Court of Appeals Clerk Alore Jackson that a request for an extension of time to file the initial brief and/or record excerpts received even one (1) day before the expiration of the filing deadline must be processed by the clerk and will be deemed timely filed.

  [3]Although the motion was date stamped by the Eleventh Circuit Court of Appeals on April 14th, 2009, the motion was **not docketed**. **(See Exhibit "2").**

CASE NO.: 08-CR-80004-MIDDLEBROOKS
**UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA**

Unfortunately, because Ms. Pérez was prepared for a hearing to determine whether Mr. ACUNA-ACOSTA was indigent, and to determine whether or not a brief was filed and how much Ms. Pérez had been paid in legal fees for representation on the direct appeal, the Ms. Pérez did not bring Mr. ACUNA-ACOSTA's entire file with her on January 21st, 2010, and Ms. Pérez made this fact known to the Magistrate court on January 21st, 2010. Consequently, as correctly noted by the Magistrate in the Report and Recommendation, Ms. Pérez could not account for the Federal Express receipt demonstrating she had in fact sent the Motion Requesting Leave to Extend the Deadline for Filing the Initial Brief on April 10th, 2009, via Federal Express to the Eleventh Circuit Court of Appeals, nor could Ms. Pérez account for the fact that said motion was not stamped received by the Eleventh Circuit Court of Appeals until April 14th, 2009. **(See Report and Recommendation at P. 6).**

Notwithstanding the aforementioned facts, subsequent to the January 21st, 2010 hearing, and in an effort to find an answer to the unexpected questions posed by the Court and in an attempt to also confirm Ms. Pérez' independent recollection of facts as recalled by Ms. Pérez during the course of the January 21st, 2010, hearing before the Magistrate Court, Ms. Pérez reviewed Mr. ACUNA-ACOSTA's **complete file**. Upon reviewing the complete file Ms. Pérez was in fact able to recover the Federal Express receipt generated when she sent Mr. ACUNA-ACOSTA's motion requesting leave to extend the deadline for filing the initial brief to the Eleventh Circuit on April 10th, 2009. **(See Exhibit "3).**

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

As per the Federal Express receipt and tracking invoice attached hereto as **Exhibit "3"**, on April 10th, 2009, Ms. Pérez sent the motion at issue to the Eleventh Circuit and similarly requested Federal Express to deliver said package via **<u>PRIORITY OVERNIGHT WITH SATURDAY DELIVERY</u>**.  The latter delivery style would have required Federal Express to deliver the package destined for the Eleventh Circuit Court of Appeals by or before Saturday, April 11th, 2009[4].  **(See Exhibit "3").** However, as a proximate and direct cause of an error on the part of Federal Express, the motion was not delivered by Federal Express to the Eleventh Circuit Court of Appeals until April 14th, 2009. **(See Exhibit "3").**

Consequently, the new documentary evidence consisting of the unaccounted for Federal Express receipt corroborates and/or credits Ms. Pérez' testimony and also demonstrates Ms. Pérez was being candid with the Court on January 21st, 2010, when she testified she sent the Motion Requesting Leave to Continue the Filing Deadline for the Initial Brief to the Eleventh Circuit Court of Appeals on April 10th, 2009, via Federal Express, notwithstanding the fact Ms. Pérez could not account for the Federal Express receipt and notwithstanding the fact the Motion Requesting Leave to Continue the Filing Deadline for the Initial Brief does not appear on the Eleventh Circuit docket sheet generated by the Court for Mr. ACUNA-ACOSTA's appeal.  **(See Exhibit "2").**

Ms. Pérez thereafter testified she sent the initial brief on April 28th, 2009, after receiving the deficiency notice from the Eleventh Circuit  indicating the brief had not been

---

[4]Ms. Pérez paid $21.95 as consideration for the Federal Express delivery service at issue.  If the Court will note, the tracking number on the top of the invoice matches the tracking number on the receipt for the $21.95 costs charged to the account.

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 5 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA

filed and was due within fourteen (14) days of April 15th, 2009. Ms. Pérez provided a copy of said brief and the envelope with the dated postage reflecting a mailing date of April 28th, 2009, to the Magistrate Court on January 21st, 2010. Unfortunately, as correctly noted by the Magistrate Court, the receipt of the hard copy of said brief is not docketed. However, the fact that the hard copy of said brief was not docketed by the Court of Appeals is of no moment and should not automatically lead the Magistrate Court to conclude said brief was not filed, as the Court of Appeals does **not docket all of the motions and/or briefs received, as is apparent by the docket sheet in the instant case[5].**

Contrary to the Magistrate's findings, it appears that a hard copy of the initial brief was in fact received by the Eleventh Circuit Court of Appeals, since on May 12th, 2009, the Court of Appeals generated and mailed two (2) separate deficiency letters, the latter which necessarily imply a brief was received by the Court of Appeals, but said brief was deficient. **(See Exhibit "4").** More specifically, according to the two (2) separate and distinct deficiency letters received on May 15th, 2009, Ms. Pérez needed to correct the following deficiencies before the initial brief would be accepted: (1) corrected certificate of service reflecting service on the Appellant; (2) summary of the argument; (3) motion for record excerpts and brief to be out of time. **(See Exhibit "4").**

As correctly noted by the Magistrate Court, on January 21st, 2010, Ms. Pérez testified she "may" have sent the summary of the argument and the corrected certificate

---

[5] In the case *sub judice* the clerk for the Court of Appeals did not docket the Motion Requesting Leave to Extend the Deadline for Filing the Initial Brief, nor did the Clerk docket the Motion Requesting Leave to File Record Excerpts Out-of-Time as discussed *supra*.

MARIA ELENA PÈREZ P.A.
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 6 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

of service by itself and without the entire brief or a cover letter. **(See Magistrate's Report and Recommendation at P. 8).** Ms. Pérez also testified she was confused by the June 15th, 2009, deficiency letter requesting Ms. Pérez to file a motion requesting leave to file the initial brief out-of-time because the prior May 12th, 2009, deficiency letter did not reference the brief being out of time. **(See Magistrate's Report and Recommendation at P. 8).**

However, as stated *infra* when Ms. Pérez testified on January 21st, 2010, regarding the issue of the various deficiency letters and the dates of said letters and the documents that were sent in response to said deficiency letters, Ms. Pérez did not have access to the entire file, nor did she have in her possession the various pleadings filed with the Eleventh Circuit Court of Appeals, or the correspondence forwarded to the Court of Appeals. And, Ms. Pérez advised the Magistrate Court she was testifying as best as she could since she was relying exclusively on her memory and recollection of events without the benefit of having the documentary evidence in her presence.   As such, Ms. Pérez would like to correct the record at this time and likewise provide the Court with additional documentary evidence which demonstrates that contrary to the Magistrate Court's findings, Ms. Pérez did in fact prepare and mail the requested corrections to the initial brief, as well as the Motion to File the Record Excerpts and Appellate Brief Out-of-Time, and as per the mandates of the May 12th, 2009, and June 15th, 2009, deficiency letters.

That is, contrary to the Magistrate's findings that Ms. Pérez failed to file the Motion to File the Record Excerpts Out-of-Time, as **Exhibit "5"** attached hereto demonstrates, on

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

May 20th 2009, Ms. Pérez prepared and mailed the Motion to File the Record Excerpts Out-of-Time. The latter motion bears a date-stamp of June 4th, 2009, from the Eleventh Circuit Court of Appeals. **(See Exhibit "5").** However, the clerk for the Court of Appeals did <u>**not**</u> <u>**docket the Motion Requesting Leave to File the Record Excerpts Out-of-Time.**</u> **(See Exhibit "2").**

Furthermore, contrary to the Magistrate's findings, Ms. Pérez similarly forwarded the Motion Requesting Leave to File the Initial Brief Out-of-Time as required by the deficiency letters sent by the Eleventh Circuit on May 12th, 2009. **(See Exhibit "6").** Unfortunately, like the Motion to File the Record Excerpts Out-of-Time, the clerk also failed to docket the Motion to File the Initial Brief Out-of-Time. **(See Exhibit "2").** Furthermore, the clerk for the Eleventh Circuit–Ms. Wiegmann–could not forward a certified copy of the Motion Requesting Leave to File the Initial Brief Out-of-Time as requested by Ms. Pérez subsequent to the January 21st, 2010, hearing since according to the Clerk, this was the only motion she could not account for and which did not appear in her file.

In addition to the aforementioned facts, and contrary to the Magistrate's findings, Ms. Pérez did in fact forward a hard copy of the corrected initial brief as directed to do so by the Eleventh Circuit Court of Appeals. **(See Exhibit "7").** More specifically, as **Exhibit "7"** attached hereto demonstrates, on May 23rd, 2009, Ms. Pérez forwarded a corrected copy of the initial brief to the Eleventh Circuit Court of Appeals, page 7 of which contains the Summary of the Argument as required by the deficiency letter, and page 19 of which contains the corrected certificate of service, as required by the second May 12th, 2009,

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 8 -

deficiency letter.  The latter corrected brief bears two (2) date stamps from the Eleventh Circuit Court of Appeals–a May 7th, 2009 and a May 29th, 2009, date stamp. **(See Exhibit "7").** The electronic version of the corrected initial brief was docketed on May 27th, 2009, the latter which led Ms. Pérez to believe **all of the deficiencies had been satisfied. (See Exhibit "2").**

It is important to note that although the Eleventh Circuit Court of Appeals generated a second deficiency letter on June 15th, 2009, and which indicated the Motion Requesting Leave to File Initial Brief Out-of-Time had not been received, a subsequent review of the entire and complete file indicate Ms. Pérez was confused by this communication as she believed it was a cross-communication that had been sent out by the Court of Appeals subsequent to her forwarding of the Motion to File the Record Excerpts and Initial Brief Out-of-Time[6]. **(See Exhibit "8").** And, as testified to by Ms. Pérez on January 21st, 2010, when she did not hear back from the Court of Appeals she was led to believe Mr. ACUNA-ACOSTA was now in complete compliance with all of the previously identified deficiencies.

Based upon the foregoing facts and the additional certified documents produced at the request of Ms. Pérez by the Eleventh Circuit Court of Appeals on January 28th, 2010, and on February 3rd, 2010, as well as the Federal Express receipt which could not be accounted for at the January 21st, 2010, hearing, it appears that contrary to the magistrate's findings, Ms. Pérez did in fact mail a motion to continue the deadline for filing

---

[6]As stated *supra* when Ms. Pérez testified on January 21st, 2010, she did not have access to the entire file, and was therefore uncertain regarding dates and events.

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 9 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA

the initial brief on April 10th, 2009, via Federal Express, and she similarly prepared and mailed the corrected initial brief with the summary of the argument and the amended certificate of service, as well as the Motion Requesting Leave to File the Record Excerpts and Brief Out-of-Time.  **(See Exhibit "1" "3" "5" "7" and "8").**

It is important to emphasize that although the Eleventh Circuit Court of Appeals could not account for the missing Motion Requesting Leave to File the Initial Brief Out-of-Time, said motion is the exact duplicate of the Motion Requesting Leave to File the Record Excerpts Out-of-Time, with the exception that Ms. Pérez changed the caption to indicate it was a Motion Requesting Leave to File Brief Out of Time instead of Record Excerpts Out-of-Time. **(See Exhibit "5" and "6").**   And, the record is now clear that contrary to the Magistrate's findings, the documentary evidence demonstrates Ms. Pérez did in fact prepare and mail the Motion Requesting Leave to File the Record Excerpts Out-of-Time. **(See Exhibit "5").**

Based upon the foregoing facts and supporting documentary evidence, it is clear Ms. Pérez took all of the necessary steps to satisfy the deficiencies identified by the Court of Appeals in their May 12th, 2009, and June 15th, 2009, deficiency letters.  Stated differently, it does not follow logical reason that Ms. Pérez would satisfy all of the deficiencies identified by the Court of Appeals–including the filing of a corrected brief and the Motion Requesting Leave to File Record Excerpts Out-of-Time, yet fail to file a Motion Requesting Leave to file Initial Brief Out-of-Time, when the latter motion was prepared at the same time as the Motion Requesting Leave to File the Record Excerpt Out-of-Time,

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE  •  SUITE 310  •  CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100  •  FAX  (305) 461-3444

- 10 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

and both motions are identical to each other. Rather, it appears that Ms. Pérez did in fact send said Motion Requesting Leave to File the Record Excerpt and Brief Out-of-Time.

Unfortunately, much to the surprise of the undersigned counsel, on July 2nd, 2009, the appeal at issue was dismissed. Ms. Pérez, however, did not receive a copy of said dismissal notice, either in the mail or electronically. Ms. Pérez does not dispute the fact that said dismissal notice was forwarded, however, Ms. Pérez honestly testified that said notice must have been overlooked in her e-mail. It is important to note that there are approximately fourteen (14) co-defendant's in Mr. ACUNA-ACOSTA's case, thereby generating a significant amount of electronic correspondence, in addition to the dozens of additional electronic correspondence received by Ms. Pérez in other cases.

Ms. Pérez' testimony on the issue of whether or not she received notice of the July 2nd, 2009, dismissal should be credited, as it does not make logical sense that Ms. Pérez would go through all of the trouble of preparing the initial brief, satisfy all identified deficiencies, yet fail to reinstate the appeal upon receiving a notice of dismissal. Moreover, on August 12th, 2009, in an email to AUSA William Zloch, Ms. Pérez advises Mr. Zloch that she had not received notice that Mr. ACUNA-ACOSTA's appeal had been dismissed. Hence Ms. Pérez' testimony on this point should be credited, as Ms. Pérez had absolutely no reason to make any type of misrepresentation, nor would Ms. Pérez ever misrepresent the facts as she knows them to AUSA William Zloch, back in August, 2009.

Thereafter, on September 25th, 2009, Ms. Pérez was contacted by AUSA William Zloch and AUSA Adrienne Rabinowitz, the latter who requested Ms.Pérez to "...[o]utline

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 11 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

in a pleading what steps she was taking to have Acosta's appeal reinstated." However, after receiving a call from Mr. Zloch in September, 2009, Ms. Pérez again contacted the Eleventh Circuit Court in order to inquire into the status of the case and to confirm the information received from Mr. Zloch. At this time Ms. Pérez learned the appeal had in fact been dismissed, notwithstanding the fact Ms. Pérez had indeed complied with all of the deficiency letters received from the Eleventh Circuit Court of Appeals.

      Ms. Pérez likewise inquired from her staff regarding whether or not a notice of dismissal had been received from the Eleventh Circuit Court of Appeals, and whether or not the docket reflected same and Ms. Pérez was advised that her motions had been accidently mailed to the District Court. Consequently, and at the request of AUSA William Zloch, Ms. Pérez filed a Notice of Filing Motion to Re-Instate Direct Appeal and Motion Requesting Leave to File Direct Appeal Out-of-Time. Ms. Pérez filed the latter notice because AUSA William Zloch requested Ms. Pérez to file a document with the District Court which outlined in a pleading the **<u>steps Ms. Pérez was taking in order to perfect the appeal at issue.</u>** It must be noted that in the Notice of Filing Motion to Re-Instate Direct Appeal, Ms. Pérez is advising the Court that she re-sent the pleadings at issue, and she likewise advises the Court that she had just learned the motions at issue might have been mailed (not filed) to the District Court accidently. Consequently, in the Notice filed by Ms. Pérez she advises the District Court she has re-sent the motion at issue to the Eleventh Circuit. The latter Notice was **<u>not intended to ask the District Court to reinstate the appeal</u>**, as incorrectly indicated by the Magistrate Court. Nor was Ms. Pérez

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 12 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS<br>
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

attempting to tell the Court she actually filed the motions at issue with the District Court. Rather, the purpose of the Notice was to advise the District Court of the apparent error which may have occurred and the steps that were taken to remedy same. In fact, said Notice does not contain a prayer for relief and does not ask the District Court to re-instate the appeal. Hence Ms. Pérez objects to the Magistrate's finding that: "Lastly, as an appellate attorney she surely must know that the district court has no authority to grant the requested relief." **(See Magistrate's Report and Recommendation at P. 11).**

As indicated in the Notice Ms. Pérez filed with the District Court on September 29th, 2009, Ms. Pérez did in fact forward a Motion Requesting Leave to File Initial Brief Out-of-Time and a Motion to Reinstate Appeal. Consequently, Ms. Pérez' representation to the District Court in her "Notice" which maintains she re-sent the motions at issue was not **<u>false or reckless</u>** as determined by the Magistrate Court, and Ms. Pérez objects to said finding. And, careful inquiry into the matter would not have precluded Ms. Pérez from making such an assertion in her Notice filed with the District Court since said Notice was filed in order to advise the District Court that there was an apparent error, and that she had **<u>now re-sent the missing pleadings</u>**. Consequently, Ms. Pérez was **<u>not</u>** attempting to explain to the Court that she erroneously requested appellate relief at the district court level, nor did Ms. Pérez ever intentionally seek to file said relief at the district court level. Instead, Ms. Pérez' Notice was meant to advise the District Court that there may have been an error in the mails as it concerned the place to where said motions were mailed by the undersigned counsel's assistant, as the pleadings in the file indicated that the Motion

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 13 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

Requesting Leave to File Record Excerpts and Initial Brief Out-of-Time **<u>were in fact prepared and</u>** mailed. Fortunately, **<u>the Motion Requesting Leave to File the Record Excerpts Out-of-Time and the corrected brief have now been accounted for and based upon the record, Ms. Pérez' testimony is corroborated by the record evidence and documents recently received from the Eleventh Circuit Court of Appeals. (See Exhibit "5" through "9").</u>** As such, Ms. Pérez' representations to AUSA William Zloch on August 12th, 2009, should not be deemed "incredible" or "false" as described by the Magistrate Court, since the record demonstrates she did mail the corrected brief and the Motion Requesting Leave to File Record Excerpts and Brief Out-of-Time.

Unfortunately, the docket sheet for the Eleventh Circuit Court of Appeals does not reflect receipt of the motion to extend the deadline for filing the initial brief, or the Motion Requesting Leave to File the Record Excerpts and Initial Brief Out-of-Time, however, as the exhibits attached hereto demonstrate, said motions were in fact prepared and mailed to the Eleventh Circuit Court of Appeals. Nevertheless, Ms. Pérez cannot account for the Eleventh Circuit's failure to docket said motions, and it is **<u>not statistically improbable or impossible that mail is lost or misplaced, particularly in places such as a law firm or a court where such a high volume of pleadings and correspondence is generated.</u>**

Based upon the foregoing facts, Ms. Pérez respectfully objects to the Magistrate's January 25th, 2010, Report and Recommendation finding Ms. Pérez acted in bad faith as

MARIA ELENA PÈREZ P.A.
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 14 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
<u>UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA</u>

a matter of law and fact[7]. The evidence demonstrates that contrary to the Magistrate's findings, Ms. Pérez did in fact file the Motion Requesting Leave to File Record Excerpts Out-of-Time. Ms. Pérez similarly cured the additional deficiencies identified by the Court of Appeals, notwithstanding the fact the pleadings filed were not docketed by the Eleventh Circuit Court of Appeals. Based upon the foregoing reasons, Ms. Pérez similarly objects to the portion of the Magistrate's Report and Recommendation which recommends Ms. Pérez should be sanctioned.

In the case at bar the evidence does not suggest Ms. Pérez acted in bad faith when she advised the District Court of the steps she was taking to perfect Mr. ACUNA-ACOSTA's appeal, as said representations were not false or reckless. In fact, when Ms. Pérez made said representation to the Court there was no one she could confer with regarding whether or not a motion had been received by the Court of Appeals or not because said Notice was intended to apprise the District Court of what Ms. Pérez was doing to perfect the appeal–i.e. she had just re-sent the Motion Requesting Leave to File

---

[7]The Magistrate's Report likewise incorrectly states that: ...[d]uring this time period Ms. Perez was in the midst of moving her office and entering the last stages of her first pregnancy. It is likely that she simply failed to pay sufficient attention to her practice." **(See Report and Recommendation at P. 10).** Contrary to the facts as set forth in the Magistrate's Report and Recommendation, Ms. Pérez was not in the midst of moving her office and she was not in the last stages of her pregnancy. Rather, at the time Ms. Pérez was two (2) and a half months away from having her son and she was moving from her home, not her office. Of even greater significance is that the reason Ms. Pérez moved her home **across the street from her office in August, 2009, was so that she could be closer to her practice at the time she gave birth, so as to make certain her practice received the attention necessary. Moreover, at the time Ms. Pérez also brought in additional counsel in order to assist her in her legal practice when she was ready to give birth.**

**MARIA ELENA PÈREZ P.A.**
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 15 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA

the Initial Brief Out-of-Time. In fact, it is worthwhile noting that although the government requested Ms. Pérez to apprise the District Court of the steps she was going to take to perfect Mr. Acuna-Acosta's appeal on September 25th, 2009, Ms. Pérez did not file said Notice until several days later on September 29th, 2009, when she re-sent the motion at issue to the Eleventh Circuit Court of Appeals.

Based upon the foregoing facts, it is respectfully requested that this Honorable Court not sanction Ms. Pérez, as the evidence demonstrates she has not acted in bad faith, nor has she made any intentional or reckless misrepresentations to this Honorable Court or the Government. It is likewise respectfully requested that this Honorable Court grant the instant objections to the Magistrate's Report and Recommendation, and similarly incorporate the additional documentary evidence attached hereto as Exhibits "1" through "9".

Respectfully Submitted,

S/ *Maria Elena Pérez*
MARIA ELENA PÉREZ
Florida Bar No. 0487910
MARIA ELENA PÉREZ, P.A.
145 Madeira, Suite 310
Coral Gables, Florida 33134
Tel.: (305) 461-3100
Fax: (305) 461-3444

MARIA ELENA PÈREZ P.A.
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 16 -

- 17 -

CASE NO.: 08-CR-80004-MIDDLEBROOKS
UNITED STATES OF AMERICA v. SAUL ACUNA-ACOSTA

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objections were filed with the Clerk of the Court via EM/ECF this 7th day of February, 2010.

Respectfully Submitted,

S/ *Maria Elena Pérez*
MARIA ELENA PÉREZ
Florida Bar No. 0487910
MARIA ELENA PÉREZ, P.A.
145 Madeira, Suite 310
Coral Gables, Florida 33134
Tel.: (305) 461-3100
Fax: (305) 461-3444

MARIA ELENA PÈREZ P.A.
145 MADEIRA AVENUE • SUITE 310 • CORAL GABLES, FLORIDA 33134
TEL. (305) 461-3100 • FAX (305) 461-3444

- 17 -