UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80004-CR-MIDDLEBROOKS



UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SAUL ACUNA-ACOSTA,
a/k/a SAMUEL MEDINA-FLORES

        Defendant(s).
_____/

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE AND REFERRING MATTER TO CHIEF JUDGE FOR DISCIPLINARY ACTION

        On January 11, 2010, this Court entered an order granting in part Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (DE 600). The Court adopted the report and recommendation of Magistrate White finding defense attorney Maria Elena Perez ineffective for failing to perfect Defendant's direct appeal. Since Ms. Perez was retained counsel, a hearing was necessary to determine if Defendant was indigent. This Court also referred the case to Magistrate Johnson to appoint counsel for the purpose of re-sentencing and, if appropriate, for appeal (DE 601). The order directed Magistrate Johnson to make three specific findings of fact. Two of those findings relate to how much Ms. Perez was paid for her representation of Defendant and how those monies were to be allocated. The third

finding relates to Ms. Perez's failure to perfect the appeal. It is this last finding that is of most consequence. Magistrate Johnson conducted a hearing on January 21, 2010. Her report and recommendation was filed on January 25, 2010 (DE 606). Ms. Perez filed objections to the report on February 7, 2010 (DE 609).

I. MAGISTRATE'S FINDINGS

A) Indigency Of The Defendant

Magistrate Johnson determined that Defendant was indigent and appointed counsel for the purpose of re-sentencing and for appeal.

B) Payment and Allocation of Legal Fees

Magistrate Johnson determined that the total fee agreed to between Ms. Perez and her client was $25,000.00. The Defendant, through his wife, paid Ms. Perez a total of $17,000.00. None of the money was allocated for the filing of an appeal. Ms. Perez was still due a balance of $8,000.00 for her work at the trial level. However, she continued to work on the case, filing a timely Notice Of Appeal, because she believed that Defendant's wife would continue to pay.

C) Failure To Perfect The Appeal

The appeal of this case was dismissed on two occasions. Magistrate Johnson determined that Ms. Perez's failure to perfect the appeal was based on bad faith as a matter of law and fact. She determined that Ms. Perez's actions fell below the required standards of conduct and professionalism. Further, she determined that Ms. Perez's testimony at the

January 21, 2010 hearing was not credible. Magistrate Johnson concluded "that Ms. Perez's statements were made with a wanton and reckless disregard for the truth."

II. Ms. Perez's Objections

Ms. Perez begins her objections by attempting to clarify her testimony before the Magistrate. She states that she did not bring her entire case file to the hearing and therefore was unable to substantiate her testimony. Thereafter, Ms. Perez reviewed her case file and submitted documentary evidence in defense of her testimony. Those exhibits are filed as docket entries 610 and 611. In addition to the exhibits submitted, Ms. Perez alleges that the Court of Appeals simply failed to document her attempts to perfect the appeal. She states that the Eleventh Circuit did not docket the documents she sent them. Further, she argues that Magistrate Johnson erroneously relied on the docket to assume that Ms. Perez did not comply with her obligations.[1]

III. DE NOVO REVIEW

Since Magistrate Johnson was not privy to the documentary evidence now produced, the Court must review the matter *de novo*.[2] Ms. Perez has substantiated some, but not all, of

---

[1] The Court finds this statement particularly egregious. Dockets are the official record of all cases within the courts. It is the duty of the Clerk to accurately maintain them. Further, it is expected that individuals shall rely on them.

[2] The Court does not understand why Ms. Perez did not bring her case file to the January 21st hearing. Ms. Perez states in her objections that she was prepared for an indigency hearing, but was subjected to "unexpected questions posed by the Court" regarding details of the appeal. *See DE 609 at 4*. The referral order required the Magistrate to inquire as to why the appeal was not perfected. Given the referral order, and the previous order granting the § 2255 petition, Ms. Perez should have been prepared to present evidence regarding all of her efforts on appeal.

her testimony. However, it is clear that Ms. Perez's thoughts are clouded by her lack of knowledge of Eleventh Circuit rules and procedure. It is this lack of knowledge that proves to be the cause of her perceived "wanton and reckless disregard for the truth." The Court hereby makes the following findings of fact:

### A) First Dismissal

Ms. Perez filed a timely notice of appeal on October 15, 2008. However, she failed to pay the filing fee. Ms. Perez elected not to pay the fee since she was still owed money by Defendant for her work at the trial court level. The appeal was dismissed on December 9, 2008. On December 19, 2008, Ms. Perez filed a motion to reinstate the appeal and paid the appropriate fee. The motion was granted by the Eleventh Circuit and the appeal reinstated on January 14, 2009.

### B) First Dismissal Notice

Once the appeal was reinstated, the Eleventh Circuit issued a briefing notice on March 6, 2009. The initial brief was due on April 11, 2009. However, since the 11th fell on a Saturday, the brief is accepted as timely on the next business day. *See* FRAP 26(a)(1)(C). Therefore, the brief in this case was due no later than April 13, 2009.

On April 10, 2009, Ms. Perez sent the Eleventh Circuit a motion to extend the deadline to file the initial brief.[3] She sent the motion via Federal Express. She has produced the receipt which indicates that she requested and paid for "priority overnight with Saturday

---

[3] Ms. Perez states in her objections that she "filed" the motion on April 10th. However, it was merely sent on that date.

delivery." It is clear that Ms. Perez intended the package to arrive on April 11th.[4] However, for reasons unknown, the package was not delivered until April 14th. Ms. Perez heavily focuses on the fact that she sent the motion on April 10th and blames Federal Express for its untimely delivery. However, she fails to recognize that the motion was untimely even if received by the Circuit on April 13, 2010. The procedure for requesting extensions of time are set out in 11th Cir. R. 32-2. After reviewing Ms. Perez's motion, it is impossible to determine which subsection of the rule applies since the motion fails to state how much time she was seeking as an extension. Regardless, under the rule, the motion must be <u>filed</u> in advance of the brief's due date. Most importantly, filing the motion does not toll the time for briefing. *See* 11th Cir. R. 31-1(c).

Ms. Perez also heavily focuses on the fact that the Eleventh Circuit did not docket her motion(s) or brief(s). In one section of her objections, Ms. Perez states as a matter of fact that "the Court of Appeals does <u>not docket all of the motions and/or briefs received, as is apparent by the docket sheet in the instant case</u>" (*footnote omitted*). *See* DE 609 at 6. In another section of her objections she posits that the Court of Appeals may have lost or misplaced her filings. *See* DE 609 at 14. Once again, Ms. Perez has proven her lack of knowledge of appellate procedure. According to the Eleventh Circuit Clerk, motions and/or briefs that are improperly filed or deficient in any way are not docketed. First, the motion

---

[4] Ms. Perez should have known that the package would not be received by the Circuit on a Saturday and that the rules provide for timely filing on the next business day.

for extension of time was untimely. Therefore, it was not accepted or docketed by the Appeals Clerk. See 11th Cir. R. 31-2(e). Further, the brief was not received until May 7, 2009. Since it too was untimely, it was not docketed. Ms. Perez is quick to blame the Court of Appeals when the errors made were clearly her own. Since the brief had not been received by April 13, 2009, the Eleventh Circuit issued a dismissal notice on April 15, 2010. The notice provided Ms. Perez 14 days to correct the previous defaults.

Ms. Perez testified before the Magistrate that, based on the dismissal notice, she calculated that the brief had to be filed on or before April 29, 2009. However, she did not mail the brief until the day before it was due. Once again, Ms. Perez did not file the brief timely when she had sufficient time to do so. When the brief arrived on May 7, 2009, it was not only late, but also deficient. On May 12, 2009, the Eleventh Circuit issued its first deficiency notice. The notice explained that the Ms. Perez failed to include a summary of argument and an amended certificate of service. It also advised that the brief was filed out of time and that a motion to file out of time was required.[5] The same day, the Eleventh Circuit also issued a dismissal notice with 14 days to correct the default. Ms. Perez was instructed to file record excerpts together with a motion to file those excerpts out of time.

On May 27, 2009, Ms. Perez electronically filed her brief with the Eleventh Circuit. However, e-briefs are not permitted without prior consent. *See* 11th Cir. R. 25-3(a). The

---

[5] Ms. Perez believed that the motion was timely filed because it was "postmarked" before the April 29, 2009 deadline. However, the deficiency notice and appellate rules specify that motion must be "filed" by the due date.

Clerk received a hard copy of the corrected brief on May 29, 2009.[6] Though Ms. Perez believed she had satisfied all the deficiencies, she still did not include a motion to file the brief out of time. It is important to note that Ms. Perez submitted with her objections a copy of her May 23, 2009 cover letter to the Circuit. The letter indicates that, along with the corrected brief, she enclosed copies of her motion to file the brief out of time and copies of her motion to file the record excerpts out of time. Copies of those documents are also provided as exhibits to her objections. The Eleventh Circuit Clerk acknowledges receiving the brief on May 29, 2009 and the document is filed stamped accordingly, but the motion to file record excerpts is file stamped June 4, 2009. The motion to file the brief out of time is not file stamped at all.

### C) Second Dismissal Notice

On June 15, 2009, the Eleventh Circuit issued a second dismissal notice for failing to file a motion to file the brief out of time. Ms. Perez testified before the Magistrate that she was confused by the notice because she believed that brief was timely filed as it was "postmarked" before the April 29, 2009 deadline. She called the Eleventh Circuit Clerk to inquire. Since Ms. Perez did not hear back from the Clerk, she assumed that no further action was necessary. Therefore, she ignored the second dismissal notice. As a result, the appeal was dismissed on July 2, 2009 for lack of prosecution for failure to file the brief as prescribed by appellate rules. Ms. Perez claims that she never received notice of the

---

[6] Ms. Perez states in her objections that she mailed a corrected brief on May 23, 2009.

dismissal.[7]

## IV. HABEAS PETITION

On July 25, 2009, Defendant filed a *pro se* petition pursuant to 28 U.S.C. § 2255. He alleged ineffective assistance of counsel based on Ms. Perez's failure to perfect the appeal. On August 11, 2009, Magistrate White issued an order to show cause in the habeas case (09-81127-CV-MIDDLEBROOKS). The following day, the prosecutor, William Zloch, e-mailed Ms. Perez requesting an affidavit addressing the claims made the in the § 2255 petition.[8] Ms. Perez responded that she would provide the requested affidavit and that she would call the Eleventh Circuit because she had filed a motion for leave to file her brief out of time. The Court does not believe that Ms. Perez intentionally made a false statement. Rather, Ms. Perez believed that the motion had in fact been filed. Again, unaware of the rules, the first motion simply was not accepted since it was received beyond the filing deadline. It is unclear if the second motion, sent on May 23, 2009, was ever received since it does not bear an Eleventh Circuit file stamp.

Having not heard from Ms. Perez, on August 25, 2009, Mr. Zloch again contacted her regarding the affidavit and the motion to file her appellate brief out of time. She advised Mr.

---

[7] Whether or not the notice was received is of little consequence. Ms. Perez should have followed the progress of the case more closely. However, the Court believes that she did in fact receive such notice as is was both mailed by the Circuit and electronically noticed in the instant case.

[8] The Court reiterates that Ms. Perez was unaware the appeal had been dismissed. It also appears from her e-mail to Mr. Zloch that she was also unaware that a habeas petition had been filed.

Zloch that she would file a pleading later that day outlining the steps she had taken to get the appeal reinstated. Though Mr. Zloch made diligent efforts to follow up on the progress of the case, the requested affidavit was never filed.

Approximately one month later, on September 29, 2009, Ms. Perez filed with the District Court "Mr. Acuna-Acosta's Notice of Filing Motion To Reinstate Direct Appeal And Motion Requesting Leave To File Direct Appeal Out Of Time." *See* DE 6 in 09CV81127. The document reads that Ms. Perez has forwarded all appropriate documents to the Eleventh Circuit and that they had all been "previously timely lodged," but that Ms. Perez "later learned" that the motions were "lodged" at the district court level rather than the Eleventh Circuit. She also claimed to have "re-sent" a motion to reinstate the direct appeal "thereby rendering the Section § 2255 lodged as moot." *See* DE 6 in 09CV81127. In her objections, Ms. Perez suggests that "there may have been an error in the mails as it concerned the place to where said motions were mailed by the undersigned counsel's assistant." *See* DE 609 at 13. There is no evidence that a motion to reinstate the appeal was ever filed, either with the Court of Appeals or, erroneously, with the District Court. As Magistrate Johnson found, Ms. Perez's explanations in the § 2255 proceeding were not credible. Her statements were reckless and failed to demonstrate even the most basic understanding of the rules of procedure or any inquiry into the events that transpired.

V. <u>CONCLUSION</u>

Based on all of the evidence, it is clear that Ms. Perez's actions in this case fall below

the required standards of conduct and professionalism. Time and money has been wasted in this case simply because Ms. Perez failed to familiarize herself with the Rules Of Appellate Procedure and the rules of the Eleventh Circuit. Mr. Acuna-Acosta has been brought for re-sentencing, new counsel has been appointed and the Government has incurred the additional expense of the § 2255 petition and the re-sentencing hearing. It is also noteworthy that Mr. Acuna-Acosta had agreed to an appellate waiver in this case. These issues could have been resolved in a timely and efficient manner. Instead, this matter was prolonged and resulted in unnecessary hearings.

Most troubling is that Ms. Perez fails to accept responsibility for her actions and is quick to blame others for her shortcomings. In this case, Ms. Perez blames Federal Express, the Eleventh Circuit Clerk, and even Magistrate Johnson for the predicament in which she now finds herself. She does not recognize that she is in this position because she failed to familiarize herself with the rules of appellate procedure. This matter could have been avoided had she simply read the rules.

In this case and in another recent case before this Court, Ms. Perez repeatedly made statements of fact that were inaccurate and that she could not support.[9] At times it appears that she is simply imprecise in her words, but often she makes statements of fact recklessly

---

[9] See United States v. Donald Platten, case no. 08CR80148, DE 94. Ms. Perez stated in a pleading that she was unable to work, travel, or drive because she had recently given birth via caesarean section. As a result, the Court granted her an eight week continuance of sentencing. She was seen at a hearing in the West Palm Beach courthouse the very next day. Further, the Government noted that she represented in her continuance motion that she conferred with opposing counsel prior to filing the motion when in fact she had not.

without any effort to determine their accuracy or truth. Ms. Perez has often stated that she "filed" a document when in fact she actually mailed it on a certain date. She states that she attempted to confer with opposing counsel only to later admit that she told her secretary to do so and at a time that was after normal business hours. She asked for a continuance representing that she could not work or travel only to appear at hearings in other cases before other judges. In this case, Ms. Perez may have believed that she filed all the appropriate documents, but it apparent she did not do so. I have warned her in the past, and continue to warn her, that she needs to be more careful in both her practice and her statements. A lawyer's success is measured, in great part, by her reputation. Ms. Perez must take care to avoid earning a reputation as a lawyer whose word cannot be trusted.

In conclusion, I agree with what Magistrate Johnson summed up in a single sentence: "It is likely that [Ms. Perez] simply failed to pay sufficient attention to her practice." *See* DE 606 at 10. Ms. Perez may be dealing with significant issues in her personal life. However, this does not excuse her actions in this case. While Ms. Perez may not have acted in bad faith, her actions were, at the very least, negligent. Attorneys are held to a high standard of professionalism and conduct. Ms. Perez is expected to represent her clients diligently and competently, but failed to do so in this case. The Court therefore adopts the Magistrate's finding that Ms. Perez has violated the Rules Regulating The Florida Bar. In particular, Rule 4-1.1 and 4-1.3. The Court being fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Report and Recommendations of Magistrate

Johnson are hereby **ADOPTED IN PART**. The Court does not find that Ms. Perez acted in bad faith. However, the Court agrees with Magistrate Johnson that Ms. Perez's actions in this case fall below the Florida Bar's standards of conduct and professionalism. It is further

**ORDERED AND ADJUDGED** that this matter is hereby **REFERRED** to Chief Judge Moreno for disciplinary action as he may deem appropriate.

**DONE AND ORDERED** at West Palm Beach, Florida, this 17th day of February, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    Magistrate Johnson
    Chief Judge Moreno